# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXXON MOBIL CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-454** |
| **TIMOTHY J. FALCON, ET AL.** | **SECTION "L" (4)** |

## ORDER

The Court has pending before it Defendants' Motion to Dismiss, Alternatively to Stay and Motion for Sanctions (Rec. Doc. 13). Plaintiff has filed a response. The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

## I. BACKGROUND

This unusual case arises from a state-court evidentiary and procedural dispute surrounding an allegedly privileged document. Plaintiff Exxon Mobil Corporation is a defendant in Naturally Occurring Radioactive Material ("NORM") cases pending in Louisiana state court. Defendants are three attorneys and their law firms who represent plaintiffs in state-court NORM litigation against Exxon.

The allegedly privileged Document was inadvertently produced by Exxon to Defendants Falcon and Sprague on August 28, 2008, in response to discovery in the state-court NORM litigation, and Exxon wants it back. The Document, which has been filed into the record under seal, is described by Exxon as a memorandum written by in-house legal counsel that "contains ... confidential legal advice ... regarding the use and disposition of tables reflecting results of air sample tests performed by an ExxonMobil industrial hygienist in 1987 on an experimental pipe cleaning unit developed by Intracoastal Pipe Repair and Supply Company ("ITCO")." (Cmpl. at ¶ 6). Defendants apparently contend that the Document is relevant in NORM cases with respect

to Exxon's knowledge and to punitive damages.

According to the Complaint, in December, 2009, Exxon discovered that the Document had been inadvertently produced. On December 8, 2009, Exxon sent a letter notifying Defendant Falcon of the inadvertent production and demanding its return pursuant to Louisiana Code of Civil Procedure article 1424(D).[1] Exxon also submitted a privilege log identifying the Document as subject to attorney-client privilege and sent revised CDs which clawed back the Document. On December 15, 2009, Defendant Falcon returned the original CDs but retained a copy of the Document.

Subsequently, according to Exxon Defendants Falcon and Sprague provided copies of the Document to other attorneys. The Document was offered as evidence (by an attorney not named as a Defendant in this case) in a NORM trial against Exxon in the 24th JDC for the Parish of Jefferson. According to the Complaint, in that trial the Document was held to be privileged and inadmissible. Defendants Falcon and Sprague also allegedly provided a copy of the Document to Defendant Buck, who then offered the Document in a NORM trial against Exxon on September 20, 2011 in Civil District Court for the Parish of Orleans. The Document was not admitted at that trial, although the parties dispute why it was excluded and whether the Document was held to be privileged.

On January 27, 2012, Defendant Sprague notified Exxon that he intends to use the Document in another upcoming trial against Exxon in the 24th JDC scheduled to begin on March

---

[1] Article 1424(D) states that under certain circumstances inadvertent disclosure in litigation of a privileged document does not waive the privilege. The article explains the procedure by which the discloser may request its return; the recipient of the document must return or safeguard the privileged document but may assert a waiver. La. Code Civ. P. art. 1424(D).

5, 2012. The Defendants indicate that prior to receiving Exxon's complaint in this case, they had prepared and intended to file a motion *in limine* in the state court proceeding seeking permission from the state court to use the document.

On Friday, February 17, 2012, Plaintiff Exxon filed this case against Defendants Falcon, Sprague, Buck, and their respective law firms. In the complaint, Exxon seeks a declaratory judgment that the Document is protected by the attorney-client privilege and that the privilege has not been waived. Exxon also seeks injunctive relief requiring Defendants to return the Document and to refrain from disseminating it or attempting to use it at trial. On the same day, Exxon filed a motion for a temporary restraining order or preliminary injunction, arguing that there is an immediate risk of irreparable harm if Defendants further disseminate the Document. The Court denied the request for a temporary restraining order and set a preliminary injunction hearing for Wednesday, February 29, 2012.

## II.     PRESENT MOTION

Defendants now move for relief from Exxon's complaint and motion for a preliminary injunction. They essentially argue that this United States District Court is not an appropriate forum for resolving an evidentiary matter that can and should be resolved in already-pending cases in state court. Therefore, Defendants contend that either dismissal, abstention, or a stay of this proceeding is warranted.

Exxon responds that neither abstention, dismissal, or a stay are appropriate. It contends that the Anti-Injunction Act and the *Colorado River* abstention doctrine do not apply to these facts, and that the Court should issue injunctive relief to prevent potential irreparable harm.

## III.    LAW AND ANALYSIS

An appropriate resolution of Defendants' motion follows from a clear understanding of the procedural posture of this case. The Court will explain that posture and the outcome it suggests. Then, the Court will address its deep concerns with the question of subject matter jurisdiction over this matter.

There are a number of NORM cases pending in various Louisiana trial courts, including one set for trial on March 5, 2012, in the 24th JDC for the Parish of Jefferson. As mentioned, Defendant Buck intends to introduce the Document at that trial and intends to file a motion *in limine* with that court addressing the admissibility of the Document. The state trial court is fully capable of resolving the issue. If the Document is found to be privileged, the Court can identify no reason why Exxon cannot seek an order from that Court compelling Defendants to return it, and to seek sanctions if Defendants fail to comply. If the Document is held not to be privileged, Exxon may pursue any appeals available to it in the Louisiana state court system. Either way, the Louisiana state courts which host the NORM litigation are fully capable of vetting the issue and according Exxon whatever relief is appropriate.

Instead, Exxon has attempted to short-circuit the normal functioning of the Louisiana state courts by seeking a declaratory judgment and injunctive relief from this federal court. Exxon wants to preempt every Louisiana state court and resolve the privilege issue "in one forum rather than 30 different jurisdictions." (Rec. Doc. 16 at 3). It argues that "[o]nly by obtaining injunctive relief requested herein will Exxon be assured a consistent ruling on this important issue." (Rec. Doc. 16 at 7).

The 24th JDC is fully empowered and competent to rule on the procedural and evidentiary matters arising out of the inadvertent production and retention of the Document.

Indeed, the 24th JDC is likely better equipped to resolve those issues, given its greater familiarity with the factual background of the case and the procedural and evidentiary rules of Louisiana. Moreover, the state court has jurisdiction over the underlying dispute and supervisory authority over the counsel involved. Exxon has not explained why it cannot obtain all of the relief it seeks in state court. Accordingly, the Court finds it prudential and appropriate to stay this case and the preliminary injunction hearing pending treatment of the issues in the first instance by the 24th JDC in the case scheduled to begin on March 5, 2012.

In addition to being a common-sense resolution, a stay is also appropriate because the Court has grave doubts whether it has subject matter jurisdiction. Although the parties argue in terms of the Anti-Injunction Act, 28 U.S.C. § 2283, or the *Colorado River* abstention doctrine,[2] those analytical frameworks miss the point. Applying the Anti-Injunction Act or an abstention doctrine presupposes subject matter jurisdiction over a case. *See Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) ("It must be remembered that the anti-injunction act limits federal

---

[2]The Fifth Circuit "applies one of two tests when reviewing a district court's exercise of its discretion to stay because of an ongoing parallel state proceeding." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). A purely declaratory action "affords a district court broad discretion" to defer to a parallel state proceeding. *See id.* "However, when an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*," under which "the district court's discretion to dismiss is 'narrowly circumscribed' and is governed by a broader 'exceptional circumstances' standard." *Id.* at 394-95 (citation and quotations omitted). The complaint seeks injunctive relief as well as a declaratory judgment, and therefore the Court cannot apply the more discretionary approach. *See Sw. Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) ("Inclusion of these coercive remedies [for the breach of contract in the form of damages, attorney's fees, and injunctive relief] indisputably removes this suit from the ambit of a declaratory judgment action."). *Colorado River* governs abstention in this case. Defendants cite *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973), which predates *Colorado River*. The analysis in *PPG Industries* of "a manifest policy against dual litigation which ... has given rise to a discretionary power in the federal courts to stay proceedings in equity suits in deference to a parallel state action" may be outdated. *See id.* at 679-80.

remedies without ousting federal subject-matter jurisdiction.") (quotation omitted); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 701 (5th Cir. 2006) ("Abstention implies that there is subject matter jurisdiction but for some other policy reason, a court refrains from exercising that power to hear the merits of a case."). The Court must always be assured that it has subject matter jurisdiction. *See, e.g.*, *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). As a corollary, the Court is "obliged also to consider threshold questions of justiciability." *See Donelon v. La. Div. of Admin. Law ex rel. Wise*, 522 F.3d 564, 566 (5th Cir. 2008); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) ("When considering a declaratory judgment action .... the court must determine whether the declaratory action is justiciable.").

As explained above, Exxon wants to divert a discrete evidentiary issue from a pending state case, have this Court prohibit Defendants from attempting to introduce a piece of evidence in state court, and have that decision bind all Louisiana state courts. Although Exxon attempts to cast this case as arising from Defendants' personal failure as attorneys to comply with professional and ethical duties, it is fundamentally an evidentiary and procedural dispute related to the admissibility of a document in a case not pending before this Court. Needless to say, there are severe practical and conceptual difficulties with bringing this kind of dispute to federal court.

Strictly as a practical matter, entertaining cases like this would dramatically expand the Court's docket. The district courts would be swamped if state-court litigants could resort to federal court to resolve the myriad legal and evidentiary questions that arise in the regular course of litigation. Every state court case would become subject to exponential parallel litigation if the parties could jump to the federal courts whenever they found it convenient or favorable to have

6

some sliver of the case considered by a different forum. This is neither desirable nor efficient.

But conceptually, Exxon's proposal is even more difficult to reconcile with fundamental principles of our federal legal system. First, it is troubling to think that the Court could issue an evidentiary ruling with binding effect on a state-court case not otherwise subject to federal-court jurisdiction, simply because a litigant is non-diverse from the opposing party's counsel. Second, it is likewise confusing to imagine that every single dispute over the law that can arise in the course of a case somehow constitutes an independent case or controversy sufficient to give rise to federal court jurisdiction. Third, and most importantly, the relief sought could seriously impinge on the proper balance of comity and federalism between the concurrent state and federal judicial systems. This Court does not sit as some kind of quasi-appellate forum dictating state evidentiary and procedural law to the state trial courts.

Exxon simply has not explained why this Court should assume jurisdiction over the dispute and why Exxon lacks a reasonable legal remedy through the Louisiana courts. Certainly there is a risk of inconsistent rulings between trial courts with concurrently pending cases that raise repetitive issues. That is inherent in the nature of our judicial system and it is why we have appellate courts as well as doctrines such as *res judicata*. While one may conceive of a legal system in which the first court to resolve an issue binds all other courts and all other parties for all time, that is not the system in which we operate.

In short, the relief sought here is possibly unprecedented. Certainly, Exxon has not cited a single case remotely suggesting that this Court can interfere with thirty or more cases pending in state court and decree how those courts should resolve a matter of state evidentiary and procedural law. At a later date, and upon a full opportunity to brief these issues, dismissal of

7

Exxon's complaint as non-justiciable may be warranted. At the moment, it is enough to stay all proceedings and to permit the state courts to act without interference from this Court.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's motion (Rec. Doc. 13) is GRANTED IN PART. This case is stayed until further Order of the Court. Defendants' Motion to Expedite (Rec. Doc. 14) is MOOT. The preliminary injunction hearing scheduled for Wednesday, February 29, 2012 at 3:30 p.m. is CANCELLED.

New Orleans, Louisiana, this 27th day of February, 2012.

_____
U.S. DISTRICT JUDGE